1   HAROUNI LAW GROUP
    KAIVAN HAROUNI [SBN 256582]
2   9025 Wilshire Blvd., 5th Floor
    Beverly Hills, CA 90211
3   Telephone: 310-693-8333
    Facsimile: 310-494-9499
4   Email: KH@harounilaw.com

5   Attorney for Plaintiff RHODA Y. SOLOMON

6

7

8

9                  **UNITED STATES DISTRICT COURT**

10            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12  RHODA Y. SOLOMON, an individual,        Case No: 2:12-cv-00209-WBS-KJN
                                            (Judge William B. Shubb)
    Plaintiff,
13                                          **PLAINTIFF'S EX PARTE**
        vs.                                 **APPLICATION FOR A TEMPORARY**
14                                          **RESTRAINING ORDER AND ORDER**
    AURORA LOAN SERVICES, LLC, a            **TO SHOW CAUSE RE: THE**
15  California limited liability company; and  **ISSUANCE OF A PRELIMINARY**
    DOES 1 through 50, inclusive,           **INJUNCTION; MEMORANDUM OF**
16                                          **POINTS AND AUTHORITIES**
    Defendants.
17                                          Date:      September 13, 2012
                                            Time:      8:30 AM
18                                          Place:     Courtroom 5—14th Floor

19
                                            Complaint Filed:   January 11, 2012
20                                          Trial Date:        None Set

21

22

23  TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

24      **COMES NOW** Plaintiff Rhoda Solomon, on September 13, 2012 at 2:00 pm or as soon

25  thereafter as the matter may be heard in Courtroom 5, on the fourteenth floor of the above-entitled

26  courthouse, located at 501 I Street, Suite 4-200, Sacramento, CA 95814, Plaintiff Rhoda Solomon

27  ("Solomon") will and hereby does apply to the court ex parte for a Temporary Restraining Order to

28  prevent Defendants, their subsidiaries and agents from selling the subject property located at 1558

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA  90211

– 1 –

**PLAINTIFF'S EX PARE APPLICATION FOR A TRO AND AN OSC RE: PRELIMINARY
INJUNCTION**

1

2

3

4

Tamarisk Lane, Tracy, CA 95377-8273  ("subject property") to a third party, or evicting Plaintiff from the premises, and for an order to show cause why a preliminary injunction should not issue pending trial in this action, enjoining Defendants and their subsidiaries from selling the subject property or evicting Plaintiff during the pendency of this action.

5

6

7

8

9

This application is made on the grounds that Plaintiff will suffer immediate and irreparable harm if Defendants are not enjoined from evicting Plaintiff and selling or otherwise conveying the subject property.  This application is made based upon the memorandum of points and authorities, declarations attached thereto, and the verified complaint filed in this action.

10

DATED:  September 12, 2012                                            **Harouni Law Group**

11

12

13

14

_____

15

16

KaivonHarouni
Attorney for Plaintiff
RHODA SOLOMON

17

18

19

20

21

22

23

24

25

26

27

28

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA  90211

– 2 –

**PLAINTIFF'S EX PARE APPLICATION FOR A TRO AND AN OSC RE: PRELIMINARY INJUNCTION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA 90211

## MEMORANDUM OF POINTS AND AUTHORITIES
### I. INTRODUCTION AND FACTUAL BACKGROUND

Following the foreclosure sale of the subject property, on October 3, 2011 Defendants filed a complaint in Unlawful Detainer in order to remove Solomon from possession.  On January 11, 2012, Solomon commenced the instant action in California state court, in an effort to quiet title and to retain possession of the property given the unlawful predicate for the initial foreclosure.  To this end, Solomon obtained a Temporary Restraining Order ("TRO") from the Superior Court on January 13, 2012, which prevented Defendant and its agents from: (1) executing any unlawful detainer action against Plaintiffs from the subject property; and (2) selling the subject property to a third party.  A true and correct copy of this Temporary Restraining Order is attached hereto as **Exhibit A.**  An Order to Show Cause hearing was scheduled for January 27, 2012, at which Defendants would be obligated to demonstrate why a preliminary injunction extending the TRO through the pendency of the action should not issue.  Immediately before this hearing took place, on January 25, 2012 Defendants removed the action to federal court on the basis of diversity jurisdiction.  In all likelihood, Defendants removed the action in order to avoid the high probability that the preliminary injunction sought by Solomon would be granted by the Superior Court.

Immediately following removal, Solomon's counsel, Mr. Harouni, informed Defendant's counsel Michael Wall of Akerman Senterfitt, LLP that it would now be necessary for Solomon to seek an ex parte TRO in federal court.  In hopes of avoiding another TRO hearing, Wall raised the possibility of settling the matter.  Following consultation with Solomon, Mr. Harouni responded that Solomon needed Defendant to conduct a thorough, good-faith evaluation of her loan modification application.  If the requested loan modification was granted, then both parties could dismiss their respective cases.  If the modification was denied, then Solomon would promptly vacate the property.  Further, Defendant would have to postpone prosecuting the Unlawful Detainer matter until a determination could be made on Solomon's application.  After consideration and consultation with his client, Wall agreed to the above terms on Defendant's behalf.  An updated loan modification application was promptly submitted by Solomon directly to Wall, with the most recent documents and figures provided whenever requested.   During this process, the Unlawful Detainer trial was continued to a later date on no less than four occasions as agreed through the cooperation and

– 3 –

**PLAINTIFF'S EX PARE APPLICATION FOR A TRO AND AN OSC RE: PRELIMINARY INJUNCTION**

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA 90211

1

communication of Wall in the civil case and Bass in the Unlawful Detainer case.

2

On August 6, 2012, Mr. Harouni learned that Chris Carrington of Akerman Senterfitt, LLP

3

would now be handling Solomon's civil suit against Defendant, while one Ms. Bass of the Law

4

Offices of Deborah Bass would continue handling the Unlawful Detainer proceeding against

5

Solomon. Upon speaking with Carrington, the parties stipulated to continuing the discovery cutoff

6

and trial dates in order to allow the loan modification evaluation to continue unfettered.

7

With the latest Unlawful Detainer trial date of September 14, 2012 approaching and a final

8

decision on Solomon's loan workout not yet provided, on September 11, 2012 Mr. Harouni emailed

9

Carrington and Bass to confirm the postponement of the Unlawful Detainer trial date. A true and

10

correct copy of this email from Mr. Harouni is attached hereto as **Exhibit B.** A prompt response to

11

this email was not provided. As such, Harouni contacted Paul Tauger, anassociate who was working

12

with Defendant on the Unlawful Detainer case. Tauger informed Harouni that he would speak with

13

Defendant and then follow up. At approximately 5:13 pm on September 11, 2012, Tauger emailed

14

Harouni to inform him that Defendant would not continue the Unlawful Detainer matter, in violation

15

of the initial agreement between Harouni and prior counsel, Mr. Wall. A true and correct copy of

16

this email is attached hereto as **Exhibit C.** Barely eleven minutes after this email, Tauger reversed

17

his field and emailed Harouni to inform him that Defendant was still considering whether to

18

continue the trial, and had not yet made a final decision. A true and correct copy of this email is

attached hereto as **Exhibit D.**

19

In response to these two contradictory emails, Harouni educated Tauger on the history of

20

negotiations between Solomon and Defendant with respect to the loan modification application and

21

the Unlawful Detainer matter. Harouni also informed Tauger that his current course of action was

22

clearly in bad faith, as well as a clear breach of the initial contract between Harouni and Wall. A

23

true and correct copy of the email correspondence from Harouni to Tauger is attached hereto as

24

**Exhibit E.**

25

As of September 13, 2012, with the Unlawful Detainer trial looming in just one day and no

26

response having been provided from Defendant regarding continuance, Solomon has no choice but

27

to make the instant motion for a TRO on an ex parte basis.

28

Defendant's current attempt to unlawfully evict Plaintiff from her home is nothing more than

– 4 –

**PLAINTIFF'S EX PARE APPLICATION FOR A TRO AND AN OSC RE: PRELIMINARY INJUNCTION**

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA 90211

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

a re-run of its actions leading to the unlawful foreclosure of her home, and is evidence of its bad-faith modus operandi.  In both instances, Defendant lulled Plaintiff into inaction by promising that the unlawful act (foreclosure then, eviction now) would not take place so long as Defendant was considering Plaintiff's loan workout application.  In each instance, Plaintiff faithfully and diligently submitted her loan workout application, and updated and explained them continuously throughout the process.  In both instances, Defendant broke its promise after months of reviewing Plaintiff's application by going forth with the unlawful act (foreclosure then, eviction now) without first making a determination as to Plaintiff's application, without notice, and without any explanation.  Though Carrington, Defendant's counsel in the civil case, has expressed to Harouni that he has advised his client to continue the Unlawful Detainer trial, and in fact just recently stipulated to continue the discovery cut-off and trial dates in the civil case to accommodate the determination of Plaintiff's loan workout application, and though Tauger, Defendant's counsel in the Unlawful Detainer action, has also expressed to Harouni that he does not understand why his client is refusing to continue the UD trial, Defendant is nonetheless intent on evicting Plaintiff from her home despite its promise not to do so pending the determination of her application.  In reliance on Defendant's promise, and despite the fact Defendant removed this case to federal cout only two days before the OSC re: Preliminary Injunction in the state court, Plaintiff has refrained from filing a motion for a TRO earlier in the federal court, and has refrained from initiating any litigation activity in either case.

## II.  LEGAL ARGUMENT

### A.  THERE IS SUFFICIENT URGENCY TO REQUEST THE INSTANT TRO ON AN EX PARTE BASIS IN LIGHT OF DEFENDANT'S THREATENED BREACH OF CONTRACT.

From the outset of this civil action in January of 2012, Defendant by and through its counsel Akerman Senterfitt, has agreed to postpone any and all Unlawful Detainer trial dates until such time as a final determination could be made on Solomon's loan modification application.  This contract was assented to by Mr. Harouni, counsel of record for Solomon, and Mr. Wall, then counsel of record for Defendant.  Both attorneys had the full authority to bind their clients to such a stipulation at the time that it was made.  At present, Defendant seeks to avoid this binding, stipulated

– 5 –

**PLAINTIFF'S EX PARE APPLICATION FOR A TRO AND AN OSC RE: PRELIMINARY INJUNCTION**

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA  90211

1  agreement.  The fact that Wall was replaced by Carrington as attorney for Defendant in the civil case

2  does not negate the agreement entered into between the parties in January of this year.  Indeed, basic

3  contract and agency law dictates that such an agreement remains enforceable.  Solomon here simply

4  seeks this Court to prohibit Defendant from going forward with its planned contractual breach.

5        This motion must be brought on an ex parte basis, given the exigency which Defendant has

6  created.  On no less than four prior occasions, Defendant has stipulated to continue the Unlawful

7  Detainer matter in accordance with the agreement finalized by Harouni and Wall.  It was not until

8  September 11, 2012, only three days before the latest Unlawful Detainer trial date, that Defendant

9  has expressed its intention to breach the contract between the parties.  There is thus insufficient time

10  for a noticed motion to be brought by Solomon, and she must move for the requested TRO on an ex

11  parte basis.

**B.  SOLOMON STANDS TO SUFFER IMMINENT AND IRREPARABLE HARM.**

12        As described more fully in her motion for a TRO, Solomon stands to suffer imminent and

13  irreparable harm in the form of the loss of her home.  Solomon commenced the instant civil action

14  because within the narrow confines of an Unlawful Detainer case where only possession is at issue,

15  Solomon is unable to litigate the various defects which took place in the foreclosure process.  If the

16  Court declines to hear this motion on an ex parte basis, Solomon will have no ability to present the

17  relevant facts in this matter in the Unlawful Detainer case, and thus stands to lose her primary

18  residence.

**III.  CONCLUSION**

19

20        Based on the foregoing, Plaintiff respectfully requests that this Court entertain this motion for

21  a Temporary Restraining Order on an ex parte basis, and issue a temporary restraining order and

22  preliminary injunction to restrain and enjoin defendants and their agents from evicting Plaintiff

23  and/or selling the subject property to a third party.  By doing so, the Court will save Plaintiff from

24  suffering immediate and irreparable harm.

25

26  DATED:  September 12, 2012                                **Harouni Law Group**

27

28

– 6 –

1

2                                                           KaivonHarouni
                                                         Attorney for Plaintiff
3                                                        RHODA SOLOMON

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAROUNI LAW GROUP
9025 Wilshire Blvd., 5th Floor Beverly Hills, CA  90211

– 7 –

**PLAINTIFF'S EX PARE APPLICATION FOR A TRO AND AN OSC RE: PRELIMINARY INJUNCTION**