1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   RHODA Y. SOLOMON,                 NO. CIV. 2:12-209 WBS KJN

13          Plaintiff,
                                       ORDER RE: TEMPORARY
14     v.                              RESTRAINING ORDER

15   AURORA LOAN SERVICES LLC, a
     California limited liability
16   company; and DOES 1 through
     50, inclusive,
17
            Defendant.
18   _____/

19
                          ----oo0oo----
20

21          Defendant Aurora Loan Services LLC ("Aurora")

22   foreclosed on plaintiff Rhoda Y. Solomon's residence at 1558

23   Tamarisk Lane in Tracy, California ("Tamarisk property") on

24   August 11, 2011.  Less than a month after the foreclosure, Aurora

25   initiated an unlawful detainer action against plaintiff in state

26   court.  On January 11, 2012, plaintiff initiated a wrongful

27   foreclosure action in state court based on defendant's allegedly

28   wrongful conduct relating to the mortgage plaintiff obtained to

                              1

purchase the Tamarisk property.  Two days later, the state court
issued a temporary restraining order preventing defendant from
"1) executing any unlawful detainer action against Plaintiffs
from the [Tamarisk property] . . . and 2) selling the subject
property to a third party, for 22 days . . . ." (Docket No. 32
at Ex. A.)  The state court set a hearing for a preliminary
injunction on January 27, 2012.  Before the state court
preliminary injunction hearing occurred, however, defendant
removed this action to federal court on January 25, 2012.
Plaintiff did not move for a preliminary injunction at the time
of removal.

Now, one day before the unlawful detainer trial is set
to commence in state court, plaintiff has filed the instant ex
parte application for a temporary restraining order.  Plaintiff
specifically requests a temporary restraining order preventing
defendant from "initiating or continuing any unlawful detainer
action against [plaintiff] from the [Tamarisk property] and 2)
selling the subject property to a third party." (Docket No. 33-
5.)

To obtain a temporary restraining order or a
preliminary injunction, the moving party "must establish that he
is likely to succeed on the merits, that he is likely to suffer
irreparable harm in the absence of preliminary relief, that the
balance of equities tips in his favor, and that an injunction is
in the public interest." Winter v. NRDC, 555 U.S. 7, 20 (2008).
As the Supreme Court has repeatedly recognized, injunctive relief
is "an extraordinary and drastic remedy, one that should not be
granted unless the movant, by a clear showing, carries the burden

2

1  of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997);
2  <u>see</u> <u>Winter</u>, 555 U.S. at 22.

3         Pursuant to Federal Rule of Civil Procedure
4  65(b)(1)(A), a court may issue an <u>ex parte</u> temporary restraining
5  only if "specific facts in an affidavit or a verified complaint
6  clearly show that immediate and irreparable injury, loss, or
7  damage will result to the movant before the adverse party can be
8  heard in opposition."  The Supreme Court has explained that "<u>[e]x</u>
9  <u>parte</u> temporary restraining orders are no doubt necessary in
10  certain circumstances, but under federal law they should be
11  restricted to serving their underlying purpose of preserving the
12  status quo and preventing irreparable harm just so long as is
13  necessary to hold a hearing, and no longer." <u>Granny Goose Foods,</u>
14  <u>Inc. v. Teamsters</u>, 415 U.S. 423, 438-39 (1974); <u>see also</u> <u>Reno Air</u>
15  <u>Racing Ass'n., Inc. v. McCord</u>, 452 F.3d 1126, 1131 (9th Cir.
16  2006) (discussing <u>Granny Goose Foods, Inc.</u>, and explaining that
17  "courts have recognized very few circumstances justifying the
18  issuance of an <u>ex parte</u> TRO").

19         With respect to plaintiff's request that the court
20  restrain defendant from proceeding with the unlawful detainer
21  trial set to commence in state court tomorrow, <u>Younger v. Harris</u>,
22  401 U.S. 37 (1971), and its progeny counsel against such an
23  injunction.  "In <u>Younger</u>, the Supreme Court espouse[d] a strong
24  federal policy against federal-court interference with pending
25  state judicial proceedings." <u>Columbia Basin Apartment Ass'n v.</u>
26  <u>City of Pasco</u>, 268 F.3d 791, 800 (9th Cir. 2001) (internal
27  quotation marks omitted) (alteration in original).  <u>Younger</u>
28  abstention has been extended to civil cases and, "[a]bsent

3

1    extraordinary circumstances, []abstention is required if the
2    state proceedings are (1) ongoing, (2) implicate important state
3    interests, and (3) provide the plaintiff an adequate opportunity
4    to litigate federal claims." Id.  "A number of courts have found
5    Younger abstention appropriate when asked to restrain state
6    unlawful detainer proceedings." Wadhwa v. Aurora Loan Servs.,
7    LLC, Civ. No. 2:11-1784 KJM KJN, 2011 WL 2681483, at *3 (E.D.
8    Cal. July 8, 2011) (citing cases).  Plaintiff has not cited any
9    contrary authority.  Thus, the court must deny plaintiff's
10   request to enjoin the state unlawful detainer trial.

11         With respect to plaintiff's request that the court
12   enjoin defendant from evicting plaintiff, plaintiff has not shown
13   that she is likely to suffer immediate irreparable harm
14   necessitating an ex parte temporary restraining order.  Although
15   the unlawful detainer trial will commence tomorrow, defendant
16   presumably cannot evict plaintiff until that trial concludes and
17   defendant obtains a judgment and writ of possession in its favor.
18   Assuming defendant obtains a writ of possession, the sheriff
19   cannot evict plaintiff until six days after posting the notice of
20   eviction.  Plaintiff has thus not shown that she will face
21   immediate eviction, particularly if the court denies her request
22   for an ex parte temporary restraining order and addresses her
23   request at a preliminary injunction hearing after defendant has
24   been given notice and an opportunity to respond.

25         Similarly, plaintiff has not suggested that a sale of
26   the Tamarisk property is pending or even likely to occur in the
27   near future.  In her memorandum in support of her request for a
28   temporary restraining order, plaintiff states, "Defendant and

                                   4

1  other major banks are currently sitting on a stockpile of houses

2  that they 'purchased' from their own foreclosure sales as

3  real-estate-owned ('REO') and cannot sell because of depressed

4  market prices.  Defendant would most likely allow the subject

5  property to stay vacant for months, if not years . . . ."

6  (Docket No. 33 at 11:10-11.)  Plaintiff's wrongful foreclosure

7  action has been pending for nine months and plaintiff has not

8  suggested that any circumstances have changed to make the sale of

9  the Tamarisk property more likely today than it has been for the

10 past nine months.  The court therefore finds that an <u>ex parte</u>

11 temporary restraining order is unnecessary to preserve the status

12 quo and will deny plaintiff's request for an order restraining

13 defendant from selling the Tamarisk property.

14          IT IS THEREFORE ORDERED that plaintiff's request for a

15 temporary restraining order be, and the same hereby is, DENIED.  A

16 hearing on plaintiff's request for a preliminary injunction is set for

17 October 1, 2012 at 2:00 p.m in Courtroom No. 5.  Defendant shall file

18 its memorandum in opposition to plaintiff's request for a preliminary

19 injunction no later than September 20, 2012, and plaintiff shall file

20 any reply no later than September 25, 2012.

21 DATED:  September 13, 2012

22

23 _____

24 WILLIAM B. SHUBB
   UNITED STATES DISTRICT JUDGE

25

26

27

28

5