UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

RHODA Y. SOLOMON,

        Plaintiff,

   v.

AURORA LOAN SERVICES LLC, a California limited liability company; and DOES 1 through 50, inclusive,

        Defendant.
_____/

NO. CIV. 2:12-209 WBS KJN

<u>ORDER RE: TEMPORARY RESTRAINING ORDER</u>

----oo0oo----

Defendant Aurora Loan Services LLC ("Aurora") foreclosed on plaintiff Rhoda Y. Solomon's residence at 1558 Tamarisk Lane in Tracy, California ("Tamarisk property") on August 11, 2011.  Less than a month after the foreclosure, Aurora initiated an unlawful detainer action against plaintiff in state court.  On January 11, 2012, plaintiff initiated a wrongful foreclosure action in state court based on defendant's allegedly wrongful conduct relating to the mortgage plaintiff obtained to

1

purchase the Tamarisk property.  Two days later, the state court issued a temporary restraining order preventing defendant from "1) executing any unlawful detainer action against Plaintiffs from the [Tamarisk property] . . . and 2) selling the subject property to a third party, for 22 days . . . ." (Docket No. 32 at Ex. A.)  The state court set a hearing for a preliminary injunction on January 27, 2012.  Before the state court preliminary injunction hearing occurred, however, defendant removed this action to federal court on January 25, 2012.  Plaintiff did not move for a preliminary injunction at the time of removal.

Now, one day before the unlawful detainer trial is set to commence in state court, plaintiff has filed the instant <u>ex parte</u> application for a temporary restraining order.  Plaintiff specifically requests a temporary restraining order preventing defendant from "initiating or continuing any unlawful detainer action against [plaintiff] from the [Tamarisk property] and 2) selling the subject property to a third party." (Docket No. 33-5.)

To obtain a temporary restraining order or a preliminary injunction, the moving party "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. NRDC</u>, 555 U.S. 7, 20 (2008).  As the Supreme Court has repeatedly recognized, injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden

2

of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); see Winter, 555 U.S. at 22.

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(A), a court may issue an ex parte temporary restraining only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The Supreme Court has explained that "[e]x parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (discussing Granny Goose Foods, Inc., and explaining that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO").

With respect to plaintiff's request that the court restrain defendant from proceeding with the unlawful detainer trial set to commence in state court tomorrow, Younger v. Harris, 401 U.S. 37 (1971), and its progeny counsel against such an injunction. "In Younger, the Supreme Court espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings." Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 800 (9th Cir. 2001) (internal quotation marks omitted) (alteration in original). Younger abstention has been extended to civil cases and, "[a]bsent

3

extraordinary circumstances, []abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." Id. "A number of courts have found Younger abstention appropriate when asked to restrain state unlawful detainer proceedings." Wadhwa v. Aurora Loan Servs., LLC, Civ. No. 2:11-1784 KJM KJN, 2011 WL 2681483, at *3 (E.D. Cal. July 8, 2011) (citing cases). Plaintiff has not cited any contrary authority. Thus, the court must deny plaintiff's request to enjoin the state unlawful detainer trial.

With respect to plaintiff's request that the court enjoin defendant from evicting plaintiff, plaintiff has not shown that she is likely to suffer immediate irreparable harm necessitating an ex parte temporary restraining order. Although the unlawful detainer trial will commence tomorrow, defendant presumably cannot evict plaintiff until that trial concludes and defendant obtains a judgment and writ of possession in its favor. Assuming defendant obtains a writ of possession, the sheriff cannot evict plaintiff until six days after posting the notice of eviction. Plaintiff has thus not shown that she will face immediate eviction, particularly if the court denies her request for an ex parte temporary restraining order and addresses her request at a preliminary injunction hearing after defendant has been given notice and an opportunity to respond.

Similarly, plaintiff has not suggested that a sale of the Tamarisk property is pending or even likely to occur in the near future. In her memorandum in support of her request for a temporary restraining order, plaintiff states, "Defendant and

4

other major banks are currently sitting on a stockpile of houses that they 'purchased' from their own foreclosure sales as real-estate-owned ('REO') and cannot sell because of depressed market prices.  Defendant would most likely allow the subject property to stay vacant for months, if not years . . . ." (Docket No. 33 at 11:10-11.)  Plaintiff's wrongful foreclosure action has been pending for nine months and plaintiff has not suggested that any circumstances have changed to make the sale of the Tamarisk property more likely today than it has been for the past nine months.  The court therefore finds that an <u>ex parte</u> temporary restraining order is unnecessary to preserve the status quo and will deny plaintiff's request for an order restraining defendant from selling the Tamarisk property.

IT IS THEREFORE ORDERED that plaintiff's request for a temporary restraining order be, and the same hereby is, DENIED.  A hearing on plaintiff's request for a preliminary injunction is set for October 1, 2012 at 2:00 p.m in Courtroom No. 5.  Defendant shall file its memorandum in opposition to plaintiff's request for a preliminary injunction no later than September 20, 2012, and plaintiff shall file any reply no later than September 25, 2012.

DATED:  September 13, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE